LINDLEY *v.* FRANKEL.

4-6366                                    150 S. W. 2d 962

Opinion delivered May 19, 1941.

516

*Rex W. Perkins,* for appellant.

*Raymond Jones,* for appellee.

HUMPHREYS, J. On July 25, 1940, appellees brought suit in the Pulaski county circuit court, second division, against appellant to recover $1,885.92, including expenses, for legal services in connection with an application pending before the Interstate Commerce Commission, Washington, D. C., in an effort to get said commission to postpone the effective date, June 8, 1940, of an order it had made denying appellant the right to operate as a common carrier by motor vehicle in Mississippi until he could obtain a hearing on a petition he had filed in the United States District Court for the Western District of Arkansas, Fayetteville Division, to review the order made by said commission and during the pendency thereof to suspend the order of the commission. It was alleged in the complaint that appellant left Little Rock for Washington, D. C., on June 28, 1940, and after consultations with the Attorney General and various officials of the motor carriers of the Interstate Commerce Commission, Division 5 of said commission, and with the whole commission, he filed a lengthy petition

setting out all the steps which had theretofore been taken before said commission in appellant's application to operate in Mississippi as a carrier by motor vehicle including the application appellant had made in the United States court for the Western District of Arkansas, Fayetteville Division, and his failure to secure the sitting of a three judge court to review the order of said commission and to suspend the order pending a hearing on his petition, and praying that the commission postpone the effective date of the order it had made until he could secure a three judge court to act upon the petition which he had filed in the United States District Court for the Western District of Arkansas, Fayetteville Division. It was further alleged that on account of the legal services they had rendered from June 28 to July 13 before said commission they were entitled to a fee of $100 a day and expenses amounting to $1,885.92 less $200 which appellant had advanced to appellees as a retainer.

Appellant filed an answer and cross-complaint denying each and every material allegation in the complaint and alleging that appellees represented that they could obtain a postponement of the effective date of the order denying him the right to operate as a carrier in Mississippi and guaranteed that by appearing before the Interstate Commerce Commission they could prevail upon it to continue the effective date of the order until he could obtain a hearing before a three judge court on the petition he had filed in the United States court for the Western District of Arkansas, Fayetteville Division; that upon said guaranty he advanced $200 to cover expenses for the senior member of the firm of appellee to go to Washington and secure the results desired by appellant; that appellees not only failed in their effort, but they abandoned a petition they had filed with the Interstate Commerce Commission by failure to introduce any proof to sustain same and prayed that he have judgment against appellees for the $200 which he had advanced for expenses.

Appellees filed an answer to the cross-complaint in which they denied generally all the material allegations

therein alleged and admitted that appellant had paid them the sum of $200.

The main issues joined by the pleadings were whether appellant had employed appellees conditioned upon favorable results or whether the employment was unconditional, and if the employment was unconditional what amount was due appellees on a *quantum meruit* basis and also whether appellees abandoned the application before the Commission without introducing proof in support of the allegations of the application.

The cause was tried to a jury upon the pleadings and instructions of the court resulting in a verdict and consequent judgment in favor of appellees in the sum of $500 in addition to the $200 which appellant had advanced when the senior member of the firm of appellees went to Washington and from that judgment an appeal has been duly prosecuted to this court.

At the conclusion of the evidence appellant asked for an instructed verdict in his favor on the ground that the verdict and judgment is not supported by any substantial evidence and that according to the undisputed evidence appellees abandoned appellant's application before the Interstate Commerce Commission without introducing proof in the support thereof. There is a sharp conflict in the evidence as to whether appellees were employed to represent appellant before the Interstate Commerce Commission unconditionally or whether their employment was contingent upon results.

The record reflects that at the time it was agreed for the senior member of appellees' firm to go to Washington and attempt to get the Interstate Commerce Commission to postpone the effective date of the order denying appellant the right to do business in Mississippi all parties both appellant, his attorney and the appellees had come to the conclusion that there was no remedy for appellant by which he could get a temporary restraining order in the courts. The appellees testified that they informed appellant that the only chance he had to get a postponement of the effective date of the order was to get the Interstate Commerce Commission to review its

action and postpone the effective date of the order itself and one of the appellees testified that he told appellant that the chance to get the commission to postpone the order was very remote. We know of no good reason why one who could not get relief from the courts under circumstances such as exist in this record would take a chance of getting relief from the Interstate Commerce Commission and pay for the services of an attorney in an effort to do so. Appellant had idle trucks and idle men on his hands to operate as a carrier in Mississippi and stood to lose a good deal of money unless he could get the Interstate Commerce Commission under all the circumstances to postpone the effective date of its order until he could get a hearing before a three judge court, so we cannot agree with attorney for appellant that appellees undertook a useless work for which they are not entitled to remuneration if they took employment unconditionally to accomplish the purpose. Of course attorneys should not accept employment in an undertaking to do a useless thing and then claim a fee on a *quantum meruit* basis for the useless work that they performed. Although appellant testified unequivocally that he employed appellees on a contingent basis dependent upon results and expected to pay them a reasonable fee in case they secured a suspension of the effective date of the order yet appellees testified just as positively that their employment was entirely unconditional and that appellant understood that results would be problematical and remote. This issue was submitted to the jury under correct and unambiguous instructions and the verdict of the jury upon the conflicting evidence is binding upon appellant.

Appellant contends not only that appellees did useless and unnecessary work for which they are not entitled to remuneration, but that the amount claimed as well as the amount recovered was unreasonable on a *quantum meruit* basis.

Appellees testified that they presented a claim against appellant for the usual fee for appearing before the Interstate Commerce Commission; that $100 a day and expenses was the customary fee for lawyers repre-

senting clients before the Interstate Commerce Commission. They are corroborated by the testimony of Hons. Guy Amsler and Edward L. Wright who do considerable practice before the Interstate Commerce Commission and who are familiar with the amount of fees charged for legal services of the character involved in the instant case. They both testified that $100 a day and expenses was a reasonable fee. The issue as to what would constitute a reasonable fee for the character of work done was submitted to the jury under correct instructions and appellant is bound by the verdict.

Appellant also contends for a reversal of the judgment because appellees practically abandoned the petition they had filed before the Interstate Commerce Commission without attempting to sustain the allegations therein by proof. The senior member of appellees' firm testified that he filed with the petition the only evidence he could get or had in support of the allegations thereof and that he did not leave Washington until after the petition was denied. He also testified that he filed the petition after consultation with the Attorney General and various officials of the motor carriers of the Interstate Commerce Commission, Division 5 of said commission, and others and that he did a great deal of work in going through the record and preparing his petition and that he never worked harder on any case than he did in the instant case and did all in his power to bring about results favorable to appellant. He also testified that he was out $355 for expenses from the time he left Little Rock until he returned not counting the five or six days he stopped at the Democratic National Convention in Chicago. We think the evidence clearly presented a disputed question of fact as to whether he abandoned appellant's petition or failed to prosecute it in good faith. Under the facts and circumstances it became a question for determination by the jury as to whether he abandoned the proceedings which had been instituted before the commission without conducting it to a complete termination. That issue was also submitted to the jury under proper instructions and appellant is bound by the adverse verdict.

Other arguments are made rather taking appellees to task in their futile efforts to obtain relief for appellant, but the arguments are beside the real issues involved and we deem it unnecessary to set out the arguments and discuss them.

No error appearing, the judgment is affirmed.